*John E. Sheehy* for the employee.
*Ellen S. Cooper* for the insurer.


JOHN A. URBINATI *vs.* SIMPLEX WIRE & CABLE COMPANY; MORRIS & SON CONSTRUCTION CORPORATION, third-party defendant. September 9, 1980. The defendant (Simplex) appeals from the entry of judgment in favor of Morris & Son Construction Corporation (Morris) on a count in Simplex's third-party complaint seeking indemnification from Morris. A jury awarded the plaintiff $500,000 in damages for an injury incurred while he was delivering equipment to a plant in Maine owned by Simplex and under construction by Morris as general contractor. The plaintiff's injury occurred when a vertical lift door designed and installed by Fimbel Door Company, Inc. (Fimbel), fell and severed part of his foot. On special

verdicts, the jury found Simplex and Fimbel negligent and liable to the plaintiff and found Morris not negligent.

The sole issue before us is whether the judge was correct in refusing to submit to the jury the question whether Simplex was entitled to indemnification from Morris based on a clause in the parties' construction contract which provided, in pertinent part, that "The Contractor shall indemnify . . . the Owner . . . against all claims, damages, losses and expenses . . . arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense . . . is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable . . . ." In his "Memorandum & Order for Judgment on Count VI of Third Party Complaint," the judge ruled that the evidence was insufficient to warrant a jury finding on the indemnification issue, because the facts presented did not fall within the express terms of the contractual indemnification clause. The judge stated that, after the execution of the contract between Simplex and Morris, "[t]he door work was 'taken' from Morris. The evidence is uncontroverted. Simplex chose Fimbel to do the work involved in converting the 'incident' door from a radius type to an overhead type of door. They then backcharged Morris for the work. As a matter of law, Morris could not be charged with any negligent act or omission on the part of Fimbel." The judge concluded, "On the evidence in this case one could not find that Mr. Urbinati was injured by reason of any act or omission of anyone 'directly or indirectly' employed by Morris & Son. Simplex chose Fimbel for the job. Morris & Son had nothing to do or say about the work on the 'incident' door."

The only argument pressed on appeal is that, on the evidence presented, the jury could have concluded that Fimbel was indirectly employed by Morris and that the arrangement between Simplex and Fimbel to complete the overhead door work was merely an accommodation by Simplex to Morris, and not a modification of the contract between Simplex and Morris relieving Morris of responsibility for the door work, and, therefore, the jury should have been allowed to consider whether Simplex was entitled to indemnification. Neither the pages of transcript testimony nor the one legal authority cited by Simplex in its brief on this issue, *Taxi Serv. Co. v. Gulf Ref. Co.*, 252 Mass. 314, 319 (1925), provides any support for this argument. We have reviewed all relevant parts of the record before us and agree with the judge's conclusion, based on the uncontroverted evidence that Simplex, and not Morris, hired Fimbel to design and install vertical lift doors in the building under construction because Morris could not complete the door work. Testimony relevant to this issue by several witnesses indicated that Simplex had taken over the door work and hired Fimbel, a company which had done other work for Simplex in the past, to complete the work on the doors. There

was no error in the judge's ruling that the evidence was insufficient to warrant a determination by the jury that Simplex was entitled to indemnification from Morris.

*Judgment affirmed.*

*Thomas E. Clinton* for Simplex Wire & Cable Company.
*William G. Burke* for Fimbel Door Company, Inc.
*John T. Donahue* for the plaintiff.
*John F. Finnerty, Jr.,* for Morris & Son Construction Corporation.